UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES R. TURNER,**

    **Plaintiff,**

                                          Civil Action 2:19-cv-900
                                          Judge James L. Graham
    v.                                    Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Charles R. Turner ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 12), the Commissioner's Response in Opposition (ECF No. 15), Plaintiff's Reply (ECF No. 16), and the administrative record (ECF No. 8). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** (ECF No. 12) and that the Commissioner's decision be **AFFIRMED**.

                                                **I.    BACKGROUND**

Plaintiff protectively filed his application for Disability Insurance Benefits on November 30, 2015. He alleged a disability onset date of October 30, 2015. Plaintiff's application was denied initially on February 1, 2016, and upon reconsideration on July 12, 2016. Plaintiff

sought a hearing before an administrative law judge. On April 12, 2018, Administrative Law Judge Jeffrey Hartranft (the "ALJ") held a hearing at which Plaintiff, represented by counsel, appeared and testified. Vocational Expert Eric W. Pruitt (the "VE") appeared and testified at the hearing. Four months after the hearing, on August 23, 2018, Plaintiff's counsel submitted a letter to the ALJ seeking additional vocational testimony due to the VE's alleged erroneous classification of Plaintiff's past work as a "plastic bottle inspector hand packager (559.687-074, L, SVP 2)." (R. at 426, 427.) Counsel's post-hearing letter further asserted that the VE's testimony was not consistent with the Dictionary of Occupational Titles ("DOT"). (R. at 427.) On August 27, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. On January 8, 2019, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced the instant action.

In his Statement of Errors, Plaintiff contends that the ALJ's decision should be reversed because it relies upon VE testimony that is inconsistent with the DOT. Within this contention of error, Plaintiff asserts that the VE's classification of his past relevant work was inconsistent with the work he actually performed and that the work should have been classified as "Hand Packager (any industry)" (DOT code 920.587-018) instead of "Inspector and Hand Packager (plastic prod.)" (DOT Code 559.687-074). (Pl.'s Statement of Errors at 5-7, ECF No. 12.)

## II. RELEVANT RECORD EVIDENCE[1]

### A. Plaintiff's Work History Report

Plaintiff submitted a work history report in which he identified previous employment as a "Packer-Quality Control" for a plastic bottle company. (R. at 365.) Plaintiff described his duties as follows: "Pack plastic bottles at very fast pace[,] stack up on skids[,] pull with hand cart repete [sic]—inspect fo[r] flaws in bottles[,] do inventory." (*Id.*) Plaintiff earned $10.00 per hour and worked twelve hours per day, three-to-four days per week. (*Id.*) In this role, Plaintiff stated that he used machines, tools, or equipment; used technical knowledge or skills; and wrote, completed reports, or performed similar duties. (*Id.*) He also stated that he walked for twelve hours each day; stood for twelve hours each day; sat for one-half-hour each day; stooped for twelve hours each day; kneeled for eight hours each day; crouched for twelve hours each day; handled, grabbed, or grasped big objects for twelve hours each day; reached for twelve hours each day; and wrote, typed, and handled small objects for twelve hours each day. (*Id.*) Plaintiff stated that the heaviest weight he lifted was 20 pounds and that he frequently lifted 25 pounds. (*Id.*)

### B. Hearing Testimony

At the hearing, Plaintiff testified that this position involved "manufacturing plastic bottles." (R. at 136.) He said the job involved "constantly [ ] picking the bottles from the conveyer and inspecting them, packing them, moving the boxes, pushing the skids back in the

---

[1] Plaintiff does not challenge the ALJ's RFC Assessment. Because Plaintiff only challenges the ALJ's finding that he could perform his past relevant work of "Inspector and Handpackager," the undersigned will focus her review of the record evidence on this issue.

other room and stacking them and just continuously." (*Id.*) He testified that he had to lift 40 to 50 pounds in the role. (*Id.*)

The VE provided testimony regarding Plaintiff's ability to perform his past relevant work. Plaintiff stipulated to the VE's qualifications to testify as a vocational expert. (R. at 144.) The ALJ asked the VE to describe Plaintiff's previous employment, and the VE testified, in relevant part, as follows:

> Prior to that, that would be the plastic bottle job. On Exhibit 4E, it was from 2006 to 2007. And that's classified as an Inspector and Hand Packager. The DOT code is 559.687-074. Classified to be in the light strength range. It has an SVP rating of 2, which would make it unskilled. Based on testimony, it was performed at the medium strength level.

(R. at 145.) The ALJ then asked the VE the following hypothetical:

> Q   Okay. I would like you to assume the claimant is capable of working at the light exertional level, except that he could occasionally climb ramps and stairs, but could not climb ladders, ropes or scaffolds. He'd be capable of frequent stooping, kneeling, crouching and crawling, as well as occasional overhead reaching with his left arm. He would be capable – he would be able to have occasional exposure to extreme heat, extreme cold and excessive humidity and he would need to avoid concentrated pulmonary irritants, such as fumes, odors, dust and gases. Could he perform any of his past work?
>
> A   Based on these restrictions, he could perform the job as an Assembly Machine Feeder and Inspector and Hand Packager, as it's customarily performed, but not as he testified he performed it.

(R. at 146.)

On cross-examination, Plaintiff's counsel challenged the VE's classification of other past work Plaintiff performed as an "Assembly Machine Feeder" instead of "Machine Feeder" (DOT code 699.686-101), which requires medium exertion range. (R. at 147.) The ALJ found that the "Machine Feeder," *i.e.* the medium strength job, was the more appropriate description of

4

Plaintiff's past work. (R. at 149.) Accordingly, the VE testified that, under the ALJ's hypothetical, Plaintiff would only be able to perform the "Inspector and Hand Packager" job. (R. at 150.) Plaintiff's counsel did not cross-examine the VE on or object to his classification of Plaintiff's "plastic bottle job" as an "Inspector and Hand Packager" (DOT code 559.687-074). (R. at 147-151.) Plaintiff's counsel's only assertion with respect to the "Inspector and Hand Packager" role was that he did not believe Plaintiff performed it at a level of substantial gainful activity. (R. at 149-50.)

The ALJ asked the VE whether his testimony was consistent with the DOT. The VE testified as follows:

> It's not inconsistent. However, the DOT, while it does address reaching, it doesn't separate it out from overhead, forward or lateral reaching. The DOT also does not tell us how long a worker sit[s], stands or walks for any occupation in that publication and my testimony, in regards to those issues is based on my work experience as a Vocational Rehabilitation Counselor and Case Manager.

(R. at 150.)

### III. THE ADMINISTRATIVE DECISION

On August 27, 2018, the ALJ issued his decision. (R. at 16-28.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantial

---

2. Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

   1. Is the claimant engaged in substantial gainful activity?

   2. Does the claimant suffer from one or more severe impairments?

   3. Do the claimant's severe impairments, alone or in combination, meet or equal

gainful activity since October 30, 2015, the alleged onset date. (R. at 18.) At step two, the ALJ found that Plaintiff had the following severe impairments: "chronic obstructive pulmonary disease; [l]umbar, thoracic and cervical degenerative disc disease; left shoulder degenerative joint disease; obesity; [and] remote history of gunshot wound." (R. at 18-21.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 21.) The ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasional climbing of ramps or stairs; no climbing of ladders, ropes or scaffolds; frequent stooping, kneeling, crouching and crawling; occasional overhead reaching with the left arm; occasional exposure to extreme heat, extreme cold, and excessive humidity; avoid exposure to concentrated pulmonary irritants such as fumes, odors, dust and gases.

(R. at 21.)

At step four of the sequential process, relying on the VE's testimony, the ALJ found that Plaintiff could perform his past relevant work as an "Inspector-Handpackager" as generally

---

the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); see also *Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

performed. (R. at 26-27.) The ALJ explained as follows:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform his job as an Inspector-Handpackager as generally performed. This is supported by the testimony of the vocational expert at the hearing. Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the *Dictionary of Occupational Titles* (DOT), with issues not addressed in the DOT supported by the vocational expert's education, knowledge and professional experience.

(R. at 27.) Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (R. at 27-28.)

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V. ANALYSIS

In his Statement of Errors, Plaintiff contends that the ALJ failed to consider his attorney's post-hearing letter setting forth objections to the VE's testimony. More specifically, Plaintiff asserts that "the Inspector-Hand packager job identified by [the VE] was inconsistent with the duties actually performed by [Plaintiff]." (Pl.'s Statement of Errors at 5, ECF No. 12.) He asserts that his past work should have been classified under the DOT as a "Hand Packager (any industry)," not as an "Inspector and Handpackager (plastic prod.)" (*Id.*) The Commissioner counters that the ALJ reasonably considered the VE's testimony; that no inconsistency exists between the VE's testimony and the DOT; and that Plaintiff has waived any arguments concerning the Inspector-Handpackager position. (Commissioner's Resp. in Opp'n, ECF No. 15.) The undersigned agrees with the Commissioner and concludes that the ALJ did not error in determining that Plaintiff could perform his past relevant work of "Inspector-Handpackager"

8

as generally performed.

As a threshold matter, "the claimant bears the burden of proving . . . the fact that [he or] she is precluded from performing [his or] her past relevant work . . . ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). To satisfy this burden, a claimant must show that he or she cannot perform his or her past relevant work as "actually performed" *and* as "generally required by employers throughout the national economy." *See* SSR 82–61, 1982 WL 31387, at *2 (1982); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002) ("[The claimant] must prove that she was unable to perform her past relevant work *and* that she is unable to return to her former type of work as generally performed." (emphasis added) (citations omitted)). The regulations define "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). The regulations also offer the following guidance regarding the determination of whether a claimant is able to perform his or her past relevant work:

> Determining whether you can do your past relevant work. We will ask you for information about work you have done in the past. We may also ask other people who know about your work. (*See* § 404.1565(b).) We may use the services of vocational experts or vocational specialists, or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity. A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's

medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

20 C.F.R. § 404.1560(b)(2). Thus, although VE testimony may constitute substantial evidence supporting the conclusion that a claimant can perform his or her past relevant work, an ALJ is not required to consult a VE. *Id.*; *see also Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) (noting that in assessing whether the claimant was capable of performing her past relevant work, "the ALJ was not required to solicit testimony from a VE in reaching his conclusion" (citations omitted)).

Where a VE proffers evidence at an administrative hearing in the form of expert testimony, however, "the Social Security Administration imposes an affirmative duty on ALJs to ask if the evidence they have provided 'conflicts with the information provided in the DOT.'" *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) (quoting SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000)). If an unresolved conflict is identified, an ALJ is required to "elicit a reasonable explanation for the conflict before relying on the [VE's testimony as] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2. However, where an ALJ inquires whether the VE's testimony is consistent with the DOT and is given an affirmative response, "the ALJ [has] met [his or] her obligation under SSR 00–4p, and there [is] no error relying on the positions the VE offered." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 858 (6th Cir. 2010). Rather, the obligation to investigate the accuracy of the VE's testimony "falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT." *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009) (citations omitted); *Louden v.*

*Comm'r of Soc. Sec.*, 507 F. App'x 497, 499 (6th Cir. 2012) (holding VE's testimony constituted substantial evidence that the claimant could perform past work where the claimant's "attorney had the opportunity, but failed to cross-examine the vocational expert regarding her position that her testimony was consistent with specific provisions of the Dictionary of Occupational Titles"); *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006) ("Nothing in S.S.R. 00–4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct. . . . Because [the claimant's counsel] did not bring the conflict to the attention of the ALJ, the ALJ did not need to explain how the conflict was resolved.").

Applying the foregoing authority, the undersigned finds Plaintiff's sole contention of error unavailing. First, the VE's testimony does not contain an apparent unresolved conflict as contemplated under SSR 00-4p. Next, Plaintiff's arguments do not persuade the undersigned that the ALJ erred in relying on the VE's testimony to conclude that Plaintiff could perform his past relevant work as generally performed or that the VE misclassified Plaintiff's past relevant work as a "Inspector and Hand Packager." Further, even if the VE misclassified Plaintiff's past relevant work as generally performed, the VE's testimony still constitutes substantial evidence that Plaintiff can perform his past relevant work because his counsel failed to cross-examine the VE on the issue at the administrative hearing. The undersigned explains these alternative bases for rejecting Plaintiff's sole contention of error in turn.

**A. Plaintiff Has Not Demonstrated that a Conflict Exists as Contemplated by SSR 00-4p**

To begin, Plaintiff has not shown that an unresolved conflict exists between the VE's testimony and the DOT. Plaintiff contends that the "Inspector and Handpacker (plastic prod.)"

11

(DOT code 559.687-074) job cited by the VE is inconsistent with the work he actually performed. Nevertheless, how a plaintiff's past relevant work was actually performed and how it is generally performed in the national economy are two separate inquiries. *See Smallwood v. Comm'r of Soc. Sec.*, No. 2:16-CV-1166, 2018 WL 494522, at *7 (S.D. Ohio Jan. 22, 2018). "That the answer to these *independent* inquiries yields a different answer does not constitute a conflict as contemplated under SSR 00-4p." *Id.* (citing *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 853, n. 9 (6th Cir. 2010) ("The type of conflict the SSR ... 00–4p inquiry anticipates is not between the type of job claimant performed in the past and that which the VE opines his skills can transfer to in the future, but a conflict between the type of jobs the claimant has been determined by [a VE] to be able to perform and the DOT description of the capabilities and skills required to do the job.")); *see also Spivey v. Comm'r of Soc. Sec.*, No. 12-CV-10207, 2014 WL 1943663, at *4–5 (E.D. Mich. May 9, 2014) (explaining that a conflict under SSR 00-4p does not arise when there is a "mere 'discrepancy between, on the one hand, the expert's description of the job the claimant actually performed, and the [DOT's] description of the job as it is performed in the national economy,'" but instead "only arises when the ALJ solicits VE testimony about jobs in the national economy and that testimony is inconsistent with what the DOT provides" (citations omitted)). Accordingly, even if the DOT code provided by the VE is inconsistent with the work Plaintiff actually performed, no "unresolved conflict" exists as contemplated by SSR 00-4p.

Moreover, the ALJ complied with his obligations under SSR 00-4p by asking the VE whether a conflict exists between his testimony and the DOT. *See Beinlich*, 345 F. App'x at 168. The VE testified that his testimony was consistent with the DOT. (R. at 150.) The ALJ

was under no obligation to further investigate the accuracy of the VE's testimony. *Beinlich*, 345 F. App'x at 168. Rather, the obligation to investigate the accuracy of the VE's testimony "falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE . . . ." *Id.* As explained below, Plaintiff failed to raise his challenge to the VE's testimony at the administrative hearing and therefore waived it.

**B. The ALJ Did Not Err in Relying on the VE's Testimony to Conclude that Plaintiff Could Perform Past Relevant Work of "Inspector-Handpackager" as Generally Performed**

The undersigned is also not persuaded that the VE misclassified Plaintiff's past relevant work or that the ALJ erred in relying on the VE's testimony to conclude that Plaintiff could perform his past relevant work as generally performed.

First, Plaintiff has not shown that the VE incorrectly classified Plaintiff's past relevant work. Although this is not the type of conflict contemplated by SSR 00-4p, a plaintiff could potentially show that an ALJ's decision is not supported by substantial evidence if an ALJ relied upon a VE's erroneous classification of past work to conclude that plaintiff could perform his past work as it is generally performed in the national economy.

According to Plaintiff, the VE's classification of his "plastic bottle job" as an "Inspector and Hand Packager (plastic prod.)," DOT code 559.687-074, was inconsistent with the work he actually performed. The DOT defines the role of "Inspector and Hand Packager (plastic prod.)" as follows:

> Inspects molded plastic products, such as bottle caps or tops, for defects, and packs inspected products into shipping cartons: Visually examines molded products for defects, such as scratches, discoloration, and flash, and discards defective products. Packs inspected product in cartons according to customer specifications, and carries cartons to storage area. May attach metal bands to bottle tops prior to packing to

13

form necks for bottles and measure necks to ensure specified length, using gauge. *Inspector and Hand Packager (plastic prod.)*, Dictionary of Occupational Titles, https://occupationalinfo.org. The DOT classifies the strength level of this position as light work. Plaintiff asserts that his actual duties were "much more physical" than those required by the DOT classification. (Pl.'s Statement of Errors at 7, ECF No. 12.)

As a preliminary matter, the VE and the ALJ *agreed* that Plaintiff performed the "Inspector and Hand Packager" job at a greater strength level than it is generally performed in the national economy. The VE testified that the DOT classifies the position as "light strength range," but that "[b]ased on testimony, it was performed at the medium strength level." (R. at 145.) The VE further testified that an individual with Plaintiff's RFC would be able to perform the Inspector and Hand Packager job as "customarily performed, but not as [Plaintiff] testified he performed it." (R. at 146.) The ALJ also specifically concluded that Plaintiff could only perform past work as "generally performed," not as actually performed. (R. at 27 ("In comparing the [Plaintiff's] residual functional capacity with the physical and mental demands of this work, . . . [Plaintiff] is able to perform his job as an Inspector-Handpackager as generally performed.").) In reaching this conclusion, the ALJ considered Plaintiff's testimony, work history report, earning records, and the VE's testimony. (*See* R. at 26-27.) Thus, the ALJ agreed that Plaintiff could not perform past work of "Inspector and Hand Packager" as it was *actually performed*. Nonetheless, the ALJ reasonably concluded that Plaintiff could perform the work as it *generally performed* in the national economy, and, as a result, found that Plaintiff was not disabled. *See* SSR 82–61, 1982 WL 31387, at *2 (1982) (explaining that, at Step Four of the sequential process, Plaintiff was required to show that he cannot perform his past relevant

work as "actually performed" *and* as "generally required by employers throughout the national economy."); *see also Delgado*, 30 F. App'x at 548.

Plaintiff's assertion that the VE should have classified his past work as "Hand Packager any industry)" instead of as "Inspector and Hand Packager (plastic prod.)" is likewise unavailing. To begin, the undersigned is not convinced that the VE's classification was erroneous or that the "Hand Packager (any industry)" position more accurately describes Plaintiff's past work. The undersigned need not resolve this issue, however, as Plaintiff waived any challenge to the VE's testimony. Indeed, even if the VE misclassified Plaintiff's past relevant work, "Plaintiff's failure to raise this issue during the hearing precludes h[im] from now asserting it as a basis for relief." *Harris v. Comm'r of Soc. Sec. Admin.*, No. 1:11-CV-1290, 2012 WL 4434078, at *3 (N.D. Ohio Sept. 24, 2012) (citing *West v. Comm'r of Soc. Sec.,* No. 2:11–CV–448, 2012 WL 3151209, at * 6 (S.D. Ohio Aug. 2, 2012)); *see also Stevens v. Comm'r of Soc. Sec.,* No. 2:14-CV-2186, 2016 WL 692546, at *11 (S.D. Ohio Feb. 22, 2016) ("The Court of Appeals for the Sixth Circuit and many other courts have generally concluded that a plaintiff's failure to object to testimony offered by a vocational expert at the time of the administrative proceeding waives his or her right to raise such issues in the district court.") (collecting cases).

At the hearing, the ALJ complied with his obligations under SSR 00-4p by asking the VE whether a conflict exists between his testimony and the DOT. (R. at 150); *see also Beinlich*, 345 F. App'x at 168. The VE testified that his testimony was consistent with the DOT, (R. at 150), and the ALJ was therefore under no obligation to further investigate the accuracy of the VE's testimony. *Beinlich*, 345 F. App'x at 168. Rather, the obligation to investigate the accuracy of the VE's testimony rests with Plaintiff, who was represented by counsel at the

15

hearing and had the opportunity to cross-examine the VE. Despite cross-examining the VE, Plaintiff's counsel failed to challenge the VE's classification of Plaintiff's past work as an "Inspector and Hand Packager" or to alert the VE or ALJ that there was a possible inconsistency between the VE's testimony and the evidence in the record. The ALJ even held the administrative record open for two weeks for Plaintiff to provide supplemental evidence, but Plaintiff failed to assert his objections to the VE's testimony during that time-frame. (R. at 151.) Consequently, Plaintiff waived his right to challenge the VE's testimony. *See Harris*, 2012 WL 4434078, at *4 (finding Plaintiff waived the right to challenge the VE's classification of past relevant work where plaintiff was represented at hearing and "never challenged the VE's characterization of Plaintiff's past work or otherwise alerted the ALJ or the VE that there was a possible conflict between the VE's testimony and the evidence of record"); *Stevens*, 2016 WL 692546, at *12 ("Plaintiff may not now complain because the ALJ relied upon the VE's description of Plaintiff's past work when Plaintiff failed to raise this issue during the hearing."). Accordingly, the ALJ reasonably relied on the VE's testimony that Plaintiff can perform his past relevant work because Plaintiff failed to cross-examine the VE on the issue at the administrative hearing.

The fact that Plaintiff raised his objections to the VE's testimony in a post-hearing letter to the ALJ does not resolve his error in failing to raise the issue at the administrative hearing. *See, e.g., Jones v. Comm'r of Soc. Sec.*, No. 2:17-CV-1062, 2019 WL 2511111, at *8-9 (S.D. Ohio June 18, 2019) (finding that the ALJ had no obligation under the SSA's Hearings, Appeals and Litigation Law ("HALLEX") manual to consider and rule on post-hearing objections to the VE's testimony); *Robberts v. Comm'r of Soc. Sec.*, No. 2:18-CV-00541, 2019 WL 4023549, at

16

*6-7 (S.D. Ohio Aug. 26, 2019) (finding that "by not making or raising the arguments on the record at hearing, . . . the attorney waived the right to make any farther argument regarding the vocational expert's testimony" and explaining that "ALJs have no duty to convene a second hearing to question a VE that the plaintiff could have raised initially"); *Zimmerman v. Comm'r of Soc. Sec.*, No. 1:18-CV-1233, 2019 WL 4736267, at *7–9 (N.D. Ohio Sept. 27, 2019) (finding ALJ had no obligation to consider post-hearing objections to VE's testimony); *but see Westmoreland v. Berryhill*, No. 3:17-CV-00096, 2018 WL 1522118, at *3–4 (S.D. Ohio Mar. 28, 2018) (finding that Plaintiff did not waive his objections to the VE's testimony where he raised them in a post-hearing memorandum that presented the ALJ with a reasonable opportunity to review the objections before rendering a decision).

In summary, even if the VE misclassified Plaintiff's past relevant work, Plaintiff has waived any objections to the ALJ's reliance on the VE's testimony. For this alternative reason, the undersigned finds no error in the ALJ's reliance on the VE's testimony or in his determination that Plaintiff can perform his past relevant work as generally performed.

## VI. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** (ECF No. 12) and that the Commissioner's decision be **AFFIRMED**.

## VII. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

  /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE