IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles R. Turner,

    Plaintiff,

  v.                                     Case No. 2:19-cv-900

Commissioner of
Social Security,

    Defendant.

## ORDER

Plaintiff Charles R. Turner brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and disability insurance benefits. On April 12, 2018, the administrative law judge ("ALJ") held a hearing at which plaintiff appeared and was represented by counsel. In his decision of August 27, 2018, the ALJ found that plaintiff had severe impairments consisting of: chronic obstructive pulmonary disease; lumbar, thoracic, and cervical degenerative disc disease; left shoulder degenerative joint disease, obesity; and remote history of gunshot wound. R. 18. The ALJ found that plaintiff had the residual functional capacity ("RFC") to perform light work with additional restrictions on climbing, stooping, kneeling, crouching and crawling, overhead reaching with the left arm, and exposure to extreme heat and cold, excessive humidity, and pulmonary irritants. R. 21. After considering the testimony of Vocational Expert ("VE") Eric Pruitt, the ALJ found that plaintiff was capable of performing his past relevant work as an "Inspector and Hand Packager" as that job is generally performed, and that he was not disabled. R. 26-28.

This matter is before the court on plaintiff's November 19, 2019, objections to the November 5, 2019, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed. The Commissioner has responded to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006)(quotation marks and citation omitted). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices

a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. Record Evidence

Plaintiff's objections concern the ALJ's determination that plaintiff could perform his past work as a packager of plastic bottles, as that job is generally performed. The record reveals that in an undated work history form (R. 365), plaintiff described this job as packing plastic bottles at very fast pace, stacking them up on skids, pulling them with a hand cart, inspecting them for flaws, and doing inventory. He indicated that this job involved walking, standing, stooping, crouching, handling, reaching and handling small objects twelve hours per day, kneeling eight hours per day, and sitting one-half hour per day. The job involved stacking full large boxes five feet high, twenty per skid, carrying each box ten feet, then pulling the full skids fifty feet or more for twelve hours. Plaintiff checked a box indicating that the heaviest weight lifted was twenty pounds, but then checked another box indicating that he frequently lifted twenty-five pounds. At the evidentiary hearing, plaintiff testified that his job involved "manufacturing plastic bottles," including constantly picking the bottles from the conveyer and inspecting them, packing them, moving the boxes, pushing the skids into another room and stacking them. He testified that he had to lift forty to fifty pounds. R. 136.

The VE testified that plaintiff's plastic bottle job fell within the classification of "Inspector and Hand Packager (plastic

3

prod.)," Dictionary of Occupational Titles ("DOT") Code 559.687-074, described as:

> Inspects molded plastic products, such as bottle caps or tips, for defects, and packs inspected products into shipping cartons: visually examines molded products for defects, such as scratches, discoloration, and flash, and discards defective products. Packs inspected product in cartons according to customer specifications, and carries cartons to storage area. May attach metal bands to bottle tops prior to packing to form necks for bottles and measure necks to ensure specified length, using gauge.

*Inspector and Hand Packager (plastic prod.)*, Dictionary of Occupational Titles, https://occupationalinfo.org. This job is classified as unskilled work in the light strength range. R. 145. Based on plaintiff's testimony, the VE concluded that plaintiff's past job was actually performed at the medium strength level. R. 145. After considering the hypothetical restrictions posed by the ALJ, the VE concluded that plaintiff could perform the job of Inspector and Hand Packager as it is customarily performed, but not as he previously performed it. R. 146. During his cross-examination of the VE, plaintiff's counsel did not question the VE concerning his opinion that plaintiff's prior job fell within the DOT classification of Inspector and Hand Packager, nor did he argue to the ALJ that this classification was incorrect. Counsel's only objection was that he did not believe that the Hand Packager job was performed at a level of substantially gainful employment. R. 150.

In a letter to the ALJ dated August 23, 2018, counsel argued that because plaintiff's past packager job entailed additional duties not falling in the DOT category of Inspector and Hand Packager, the VE erroneously classified plaintiff's prior job as

4

being in that category, and the VE's testimony was not consistent with the DOT. For the first time in his statement of specific errors filed in this court, plaintiff argued that his job more appropriately fell within the category of "Packager, Hand (any industry)," DOT Code 920.587.018, classified as medium strength work. That catch-all job classification lists duties found in a diverse range of job settings, from bakery work to aircraft manufacturing, including many duties not previously performed by plaintiff:

> Packages materials and products manually, performing any combination of following duties: Cleans packaging containers. Lines and pads crates and assembles cartons. Obtains and sorts product. Wraps protective material around product. Starts, stops, and regulates speed of conveyor. Inserts or pours product into container or fills containers from spout or chute. Weighs containers and adjusts quantity. Nails, glues, or closes and seals containers. Labels containers, container tags, or products. Sorts bundles or filled containers. Packs special arrangements or selections of product. Inspects materials, products, and containers at each step of packaging process. Records information, such as weight, time, and date packaged....

*Packager, Hand (any industry) alternate titles: hand packager)*, Dictionary of Occupational Titles, https://occupationalinfo.org.

B. Burden of Proof

The plaintiff bears the burden of proving by a preponderance of the evidence that he is unable to perform his past relevant work, both as that work was actually performed and as generally required by employers throughout the national economy. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002)p; SSR 82-61, 1982 WL 31387, at *2 (1982). In making the determination of whether a claimant can perform past relevant work, the ALJ and the

5

VE can consider the DOT. However, they are not bound by the DOT because the Social Security regulations do not obligate them to rely on the DOT's classifications. *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003). As the Sixth Circuit noted in *Lindsley v. Comm'r of Soc. Sec.*, the DOT's job classifications are collective descriptions of "occupations" that can encompass numerous jobs. 560 F.3d 601, 605 (6th Cir. 2009)(citing SSR 96-9p, 1996 WL 374185, at *10 n. 4 (SSA July 2, 1996)). Here, the VE concluded that the plaintiff's past packager job was comparable to the Inspector and Hand Packager (plastic prod.) classification, but that plaintiff could perform as that job is it is generally performed, not as he actually performed his past job.

C. No Conflict Between the VE's Testimony and the DOT

The court agrees with the analysis of the magistrate judge. The magistrate judge correctly concluded that the plaintiff failed to demonstrate any conflict between the VE's testimony and the DOT. The type of conflict anticipated by SSR 00-04p, 2000 WL 1898704 (SSA Dec. 4, 2000), is not, as plaintiff argues, a difference between the type of job the claimant performed in the past and the job identified by the VE as one the claimant can perform in the future, but rather a conflict between the type of jobs, as determined by the VE, which the claimant is able to perform and the DOT description of the capabilities and skills required to do those jobs. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 853, n. 9, 858 (6th Cir. 2010); *see also Smallwood v. Comm'r of Soc. Sec.*, Case No. 2:16-cv-1166, 2018 WL 494522, at *6-7 (S.D. Ohio Jan. 22, 2018)(the level at which plaintiff performed a prior job and the level of the job as typically performed are two separate inquiries;

the fact that those levels are different does not constitute a conflict under SSR 00-04p); *Spivey v. Comm'r of Soc. Sec.*, No. 12-CV-10207, 2014 WL 1943663, at *5 (E.D. Mich. May 9, 2014)(VE's testimony regarding how an individual performed a particular job in the past does not conflict with the DOT). The VE's findings that plaintiff could perform the Inspector and Hand Packager (plastic prod.) job described in the DOT, as generally performed in the light strength range, but not as plaintiff performed his packager job in the past in the medium strength range, did not result in a conflict with the DOT.

D. Classification of Past Relevant Work

The court also agrees with the magistrate judge's conclusion that plaintiff has not shown that the VE incorrectly classified plaintiff's past relevant work as that of "Inspector and Hand Packager (plastic prod.)." The duties described in DOT Code 559.687-074 are consistent with the evidence concerning plaintiff's prior job packing plastic bottles. The ALJ's determination that plaintiff could perform the Inspector and Hand Packager job, as it is generally performed in the national economy, is supported by substantial evidence.

E. ALJ's Inquiry as to Conflict

Under SSR 00-04p, 2000 WL 1898704, at *4, where there is an apparent unresolved conflict between the testimony of the VE and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE's testimony. The magistrate judge alternatively found that, even assuming a conflict existed, the ALJ fulfilled his obligation under SSR 00-04p to inquire about any conflict between the VE's testimony and the DOT. The ALJ asked the VE if his testimony was consistent with the DOT. R. 150.

7

The VE stated that it was not inconsistent. The VE also explained that the DOT classification did not distinguish between overhead, forward or lateral reaching, nor did it address how long a worker would sit, stand or walk for any occupation in the DOT. R. 150. He explained that his opinion as to whether plaintiff could perform these aspects of the Inspector and Hand Packager job was based on his work experience as a vocational rehabilitation counselor and case manager. R. 150. The ALJ was under no duty to inquire further of the VE. *See Lindsley*, 560 F.3d at 606; *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006).

F. ALJ's Failure to Address Plaintiff's Post-Hearing Arguments

Plaintiff argues that the ALJ should have addressed the arguments made in his letter of August 23, 2018. However, it was incumbent on plaintiff's counsel to raise any objections to the VE's testimony at the hearing. *See Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168-69 (6th Cir. 2009); *Baranich v. Barnhart*, 128 F. App'x 481, 489 (6th Cir. 2005). Plaintiff's counsel had the opportunity to examine the VE at the hearing concerning his choice of the Inspector and Hand Packager classification and whether his findings concerning plaintiff's abilities conflicted with the DOT, but he did not do so. Plaintiff's failure to cross-examine the VE at the hearing constitutes a waiver of these objections to the VE's testimony. *West v. Comm'r of Soc. Sec.*, No. 2:11-CV-448, 20120WL 3151209 at *6 (S.D. Ohio Aug. 2, 2012); *see also Hammond v. Chater*, 116 F.3d 1480 (table), 1997 WL 338719, at *3 (6th Cir. June 18, 1997)(plaintiff waived argument objecting to jobs identified by the vocational expert where plaintiff failed to raise issue during the

8

administrative hearing). Plaintiff later argued for the first time in his statement of errors that the VE should have applied the generic "Packager, Hand (any industry)" classification rather than the more specific "Inspector and Hand Packager (plastic prod.)." This argument was never presented to the VE or the ALJ.

The ALJ had no obligation to explicitly address plaintiff's post-hearing objections to the VE's testimony. *Zimmerman v. Comm'r of Soc. Sec.*, No. 1:18CV1233, 2019 WL 4736267, at *9 (N.D. Ohio Sept. 27, 2019); *see also Jones v. Comm'r of Soc. Sec.*, No. 2:17-CV-1062, 2019 WL 2511111, at *8-9 (S.D. Ohio June 18, 2019)(Hearings, Appeals and Litigation Law ("HALLEX") manual does not compel ALJ to rule on post-hearing objections to the VE testimony); *Robberts v. Comm'r of Soc. Sec.*, No. 2:18-CV-00541, 2019 WL 4023549, at *6-7 (S.D. Ohio Aug. 26, 2019)(ALJs have no duty to convene a second hearing to question a VE concerning a matter that plaintiff could have raised at the hearing). These holdings are consistent with the rule that the claimant always bears the burden of proving that he cannot perform past relevant work. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010).

Plaintiff relies on *Westmoreland v. Berryhill*, No. 3:17-cv-00096, 2018 WL 1522118, at *3 (S.D.Ohio Mar. 28, 2018), in which the magistrate judge held that the ALJ should have addressed the objections presented by plaintiff in his post-hearing memorandum, which presented the ALJ "with a reasonable opportunity to address them." Even assuming *arguendo* that this ruling was correct in that particular case, the opinion in *Westmoreland* does not reveal the length of time between the filing of the post-hearing memorandum

9

and the issuance of the ALJ's decision. In this case, plaintiff's objections were included in a letter from counsel dated Thursday, August 23, 2018. R. 426. Counsel is located in Zanesville, Ohio, and the letter was addressed to the ALJ in Columbus, Ohio. There is no evidence as to when the letter was mailed, nor is there any indication on the letter as to when it was received. August 25 and 26, 2018, fell on a weekend. The ALJ's decision is dated August 27, 2018. Under these circumstances, it would not be reasonable to assume that ALJ received the letter prior to the issuance of his decision. In this case, the ALJ had no "reasonable opportunity" to address the matters raised in the letter.

Plaintiff argues that it would be unreasonable to expect counsel to be prepared to question the VE at the hearing concerning the alternative DOT classification of "Packager, Hand (any industry)" in light of the amount of information contained in the DOT, a lengthy manual with fine print. However, this argument is rebutted by the attachment to the post-hearing letter to the ALJ showing a screen shot from an online service which allows for a custom search of the DOT's contents. R. 428. It is further undercut by the fact that, during cross-examination of the VE concerning the job of Assembly Machine Feeder, DOT Code 754.685-014, relevant to another of plaintiff's past jobs, counsel asked the VE why he chose that job as opposed to the job of Machine Feeder, DOT Code 699.686-010. R. 145-148. Following that line of questioning, the ALJ concluded that the Machine Feeder job was the more appropriate classification. As a result, the VE concluded that plaintiff could not perform that medium strength level job. R. 148-150. The court is not persuaded that counsel could not reasonably have been prepared to advance a similar argument in

regard to the "Packager-Hand (any industry)" classification. In addition, the ALJ held the record open for two weeks to permit counsel the opportunity to present some outstanding records. R. 151. This would have given counsel additional time to submit his objections to the VE's testimony.

In accordance with the foregoing, plaintiff's objections are denied.

III. Conclusion

For the reasons stated above, the court concludes that the ALJ did not err in relying on the testimony of the VE. The ALJ's finding that the plaintiff could perform the job of Inspector and Hand Packager (plastic prod.), as that job is generally performed, is supported by substantial evidence. The court adopts the report and recommendation (Doc. 17). The decision of the Commissioner is affirmed, and this action is dismissed. The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: January 13, 2020         s/James L. Graham
                               James L. Graham
                               United States District Judge